UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PERCY M. SQUIRE, | ) | CASE NO.: 4:15CV2332 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| HOME SAVINGS & LOAN CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Motion by Plaintiff Percy M. Squire for a Temporary Restraining Order. The Court has been advised, having reviewed the parties' motions and supporting affidavits, and having heard argument from the parties via a hearing conducted on November 13, 2015. For the reasons that follow, the motion is DENIED.

**I.  Facts**

Plaintiff Percy M. Squire asserts in his complaint and motion for TRO that Defendant Home Savings and Loan Company has "reneged on an offer to provide [him] a $64,600 mortgage." Squire contends that Home Savings took this action on account of his age (94) and his race (African American). Squire also alleged that he was required to close the real property at issue by no later than 2:00 p.m. on November 13, 2015 or he would lose his deposit on the property.[1] Based upon these allegations, Squire sought a TRO from this Court, requiring Home Savings to approve and process his loan.

---

1 The sole affidavit filed in support of the motion was filed by Plaintiff's son, Percy Squire, an attorney under indefinite suspension by the Ohio Supreme Court. *See Disciplinary Counsel v. Squire*, 958 N.E.2d 914 (Ohio 2011).

The Court held a hearing on the matter on November 13, 2015. During that hearing, the Court requested that counsel identify the conduct that constituted the alleged breach of contract. Counsel was unable to do so. In addition, counsel presented no argument or evidence of any kind that Squire's age or race played any role in his loan application. Based upon those facts and Home Savings' presentation, the Court orally announced that the motion for a TRO would be denied. This order follows.

**II.     Law and Analysis**

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction. See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors. *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267-68 (Ohio Ct. App. 2000).

**A.     Likelihood of success on the merits**

Squire has presented no argument or facts that would suggest that he will be successful on the merits of his claims. In the first count of his complaint, Squire alleges a violation of the Equal Credit Opportunity Act. As noted above, Squire presented no facts or arguments at the TRO hearing that would suggest that race or age played any role in any

of the actions taken by Home Savings. As such, he has not shown any likelihood of success on his first claim.

Squire's second claim allegedly arises under the Ohio Consumer Sales Practices Act ("CSPA"). However, the CSPA has no application in a "pure" real estate transaction. *Brown v. Liberty Clubs, Inc.*, 45 Ohio St.3d 191, 193 (1989). In fact, real estate transactions are excluded from the statute's definition of "consumer transaction." R.C. 1345.01(A). As such, counsel would be well advised to review whether this claim satisfies counsel's Rule 11 requirements.

Finally, Squire alleges a breach of contract. As detailed above, when asked to identify the conduct by Home Savings that constituted a breach of contract, Squire was unable to do so. The facts presented instead appear to demonstrate that Home Savings has been unable to secure the mortgage insurance required in the offer Squire accepted. As a result, Home Savings was not yet prepared to finalize the loan process. As the parties never agreed to close by a date certain, Squire could identify no breach of contract during the hearing. As such, he failed to demonstrate any likelihood of success on any of the claims in the complaint.

**B. Irreparable injury**

Squire identified no irreparable harm flowing from any alleged wrongdoing. He noted that he would lose his deposit on the real property, but such a loss is wholly monetary. As such, this factor also weighs against granting the motion.

**C. Substantial harm to others**

Neither party suggested that granting the motion would cause harm to any third party.

**D. Public interest**

The public interest lies in ensuring that parties fulfill their contractual obligations. As the current record before this Court appears to show that Home Savings has fulfilled its obligations, imposing an additional obligation beyond the parties' contractual agreement does not serve the public interest.

### III. Conclusion

The motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.


Date: November 17, 2015	 /s/ Judge John R. Adams
			JUDGE JOHN R. ADAMS
			UNITED STATES DISTRICT COURT